IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL ALLEN STEWART                                                                                      PLAINTIFF

v.                                           Civil No. 4:23-CV-04105-SOH-CDC

CAPTAIN TRACEY SMITH, Little River County Detention Center (LRCDC);
JAIL ADMINISTRATOR GINA BUTLER, LRCDC;
SHERIFF BOBBY WALRAVEN; Little Rock County, Arkansas; and
JAILER MIKE BATEMAN, LRCDC,                                                                DEFENDANTS.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Paul Allen Stewart, a prisoner,[1] initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). *See* (ECF No. 3). This matter is currently before the Court pursuant to 28 U.S.C. § 636(b)(1) and (3) and on the Court's efforts to serve Defendant Jailer Mike Bateman. Upon review of all records and proceedings herein and for the reasons described below, this Court recommends that the claims against Defendant Bateman be dismissed without prejudice and that he be terminated as a defendant to this action.

### BACKGROUND

Plaintiff initiated this action on October 31, 2023, and requested to proceed IFP. (ECF Nos. 1, 2). That same day, United States Magistrate Barry Bryant granted Plaintiff's IFP application. (ECF No. 3). On November 2, 2023, Judge Bryant ordered the Complaint be served

---

[1] At all times relevant to the factual predicate of the Complaint, Plaintiff was a pretrial detainee at the Little River County Detention Center ("LRCDC"). (ECF No. 1). Plaintiff is nevertheless a "prisoner" within the meaning of 28 U.S.C. § 1915A(c) and 28 U.S.C. § 1915(h).

1

on the defendants at the address provided by Plaintiff: Little River County Detention Center, 2115 N. Constitution Avenue, Ashdown, AR 71822. (ECF No. 6). That Order expressly directed the service recipients to provide the last known address for any defendant for whom the service recipient does not accept service. *Id.*

On December 4, 2023, the summons on Defendant Butler was returned executed. (ECF No. 8). On December 7, 2023, the summons was returned executed on Defendants Smith and Walraven. (ECF No. 9). Defendants Butler, Smith, and Walraven filed their Answer on December 8, 2023. (ECF No. 10). That same day, the summons was returned unexecuted on Defendant Bateman. (ECF No. 11). On December 14, 2023, this Court ordered Defendants Smith, Butler, and Walraven to show cause why they should not be found in contempt for failing to provide any updated contact information for Defendant Bateman as directed in the service order. (ECF No. 12). On December 19, 2023, Defendants Smith, Butler, and Walraven submitted a response to the show cause order by filing Defendant Bateman's last known address with the Court under seal. (ECF No. 13). That same day, the Court ordered Defendant Bateman to be served at that address. (ECF No. 14).

On January 10, 2024, the summons was again returned unexecuted on Defendant Bateman at the service address provided under seal. (ECF No. 16). No forwarding address was provided. *Id.* The following day, this Court ordered Plaintiff to provide an address for service on Defendant Bateman by February 8, 2024, failing which Defendant Bateman would be subject to dismissal from this action for lack of service pursuant to Fed. R. Civ. P. 4(m). (ECF No. 17). That deadline has since passed, and Plaintiff has provided no potential service address for Defendant Bateman.

**DISCUSSION**

Where, as here, the Court authorizes a plaintiff to proceed IFP pursuant to 28 U.S.C. § 1915, Rule 4 of the Federal Rules of Civil Procedure requires the Court to order service on the defendants by the United States Marshal Service ("USMS"). *See* Fed. R. Civ. P. 4(c)(3).

Pursuant to Rule 4(m), however, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time . . . ." Fed. R. Civ. P. 4(m). The Court must extend the period for service, moreover, "if the plaintiff shows good cause for the failure" to serve. *Id.*

While the Rule 4 requires the Court to order the USMS to effect service on the defendants when a plaintiff is proceeding IFP, the plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n.3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

Here, Plaintiff filed his Complaint on October 31, 2023. (ECF No. 1). The Court ordered service on the Defendants, including Defendant Bateman, on November 2, 2023. (ECF No. 6). More than 90 days have passed, and service has not been effected on Defendant Bateman. The Court initially ordered service on Defendant Bateman at the address provided by Plaintiff in the Complaint. *See* (ECF No. 6). When service at that address was returned unexecuted, the Court ordered service on Defendant Bateman at the address Defendants Smith, Butler, and Walraven provided under seal in response to the Court's Show Cause Order. (ECF No. 13). Service at that address was also returned unexecuted and no forwarded address was provided. (ECF No. 16). The

Court then ordered Plaintiff to provide a service address for Defendant Bateman by February 8, 2024. (ECF No. 17). The Court has received no response to this order.

## CONCLUSION

Accordingly, since more than 90 days have passed since Plaintiff filed his Complaint and service remains unexecuted as to Defendant Bateman, this Court recommends, consistent with Fed. R. Civ. P. 4(m), that the claims against Defendant Bateman be **DISMISSED WITHOUT PREJUDICE** and that Defendant Bateman be **TERMINATED** from this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral: This lawsuit remains referred.**

**RECOMMENDED this 29th day of February 2024**.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE