IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL ALLEN STEWART                                                                                        PLAINTIFF

v.                                Civil No. 4:23-CV-04105-SOH-CDC

CAPTAIN TRACEY SMITH, Little River County Detention Center (LRCDC);
JAIL ADMINISTRATOR GINA BUTLER, LRCDC; and
SHERIFF BOBBY WALRAVEN, Little River County, Arkansas                                DEFENDANTS

## ORDER

Plaintiff Paul Allen Stewart, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). This matter is currently before the Court on Plaintiff's Motion for Subpoena. (ECF No. 29). The Court finds that no response is necessary, and thus the Motion is ripe for consideration.

## BACKGROUND[1]

On October 31, 2023, Plaintiff filed a Complaint asserting two claims for relief under 42 U.S.C. § 1983: (1) Defendant Bateman denied his request to allow family to bring him his C-PAP machine, citing policy drafted by Defendants Butler, Walraven, and Smith; and (2) the doctor at the Little River County Detention Center ("LRCDC") prescribed him medication for his "COPD," but Defendant Smith refused to fill the prescription, saying that Defendant Sheriff Walraven would not approve it, which caused him to ask family to bring him his medication. (ECF No. 1).

After effecting service on Defendants Butler, Walraven, and Smith, this Court ordered those Defendants to either file a motion for summary judgment on the issue of whether Plaintiff

---

[1] This Court does not endeavor to describe every docket entry in this case, only the background relevant to the Court's consideration of Plaintiff's Motion for Subpoena.

1

exhausted his administrative remedies before pursuing this action in accordance with 42 U.S.C. § 1997e(a) by February 26, 2024, or promptly file a notice informing the Court and parties that Defendants did not intend to pursue such a defense at trial. (ECF No. 18). On February 20, 2024, Defendants Butler, Smith, and Walraven filed a notice advising that they did not intend to file such a motion. (ECF No. 19). On February 22, 2024, the undersigned entered an initial scheduling order governing discovery and directing that any motion for summary judgment on the merits be filed by July 22, 2024.  (ECF No. 20).

On February 29, 2024, after multiple unsuccessful efforts to serve Defendant Bateman and lacking any valid contact information for him, this Court recommended that the claims against Defendant Bateman be dismissed without prejudice and that he be terminated as a defendant to this action pursuant to Fed. R. Civ. P. 4(m).  (ECF No. 22).  On March 20, 2024, Plaintiff filed a Motion requesting the claims against Defendant Bateman be dismissed without prejudice "do [sic] to lack of knowledge of his last address or phone number." (ECF No. 25). On April 29, 2024, Chief U.S. District Court Judge Hickey adopted the recommendation to dismiss Bateman and consequently denied Plaintiff's Motion to Dismiss as moot. (ECF No. 27).

On April 29, 2024, Plaintiff filed the present Motion for a Subpoena, stating, in pertinent part,

> I Paul Stewart would like to subpoena Dr. Darrell Elkins.  He was the doctor at Little River County Detention Center for a long time. I would like to call him as a witness if this case goes to trial.

(ECF No. 29).

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure governs issuance of subpoenas.   Pursuant to Rule 45(d), the court shall ensure that the party issuing the subpoena "take[s] reasonable steps

to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Further, a court has discretion "to ensure [that] the discovery sought [is] reasonably calculated to lead to the discovery of admissible evidence." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

There are two fundamental problems with Plaintiff's current request for a subpoena. Most importantly, no trial date has been scheduled and Plaintiff's request to subpoena Mr. Elkins as a witness at trial is premature. Second, Court entered an initial scheduling order in accordance with Rule 16 of the Federal Rules of Civil Procedure which dictates that the "[i]ssuance of subpoenas to third parties pursuant to Rule 45 of the Federal Rules of Civil Procedure should be used only if **all efforts to obtain the documents from the parties have been exhausted**." *Id.* (emphasis in the original).

To the extent Plaintiff requests documents or medical records from Mr. Elkins, his Motion fails to explain what (if any) steps he took to first obtain these documents from the Defendants.

## CONCLUSION

For these reasons, Plaintiff's Motion for Subpoena (ECF No. 29) is **DENIED.** Plaintiff may renew his request for a subpoena later, if necessary. Plaintiff is cautioned that any requests for a subpoena must comply with the Court's initial scheduling order and should contain sufficient information for this Court to determine whether the request is reasonable.

Dated this 30th day of April 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE